**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

United States of America,

Plaintiff,

v.

John M. Lingen, a/k/a John Lingen,

Defendant.

Civil No. 01-314 (DWF/SRN)

**MEMORANDUM OPINION AND ORDER**

---

Mary L. Trippler, Assistant United States Attorney, District of Minnesota, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, counsel for Plaintiff.

John M. Lingen, #09130-041, Unit D, Federal Correctional Institution, P.O. Box 1500, Waseca, MN 56093, Defendant *pro se.*

---

## Introduction

The above-entitled matter was submitted without oral argument pursuant to Plaintiff's motion for summary judgment. For the reasons set forth below, Plaintiff's motion is granted.

## Background

This is a student loan collection action. Defendant funded his education in part through the use of federally guaranteed student loans. This action relates to four promissory notes; with respect to all four promissory notes, First National Bank of Elk River ("First National") was the lender, Northstar Guaranty, Inc. ("Northstar") guaranteed the loans, and the United States Department of Education ("DOE") reinsured the loans. On August 1, 1995, the loans at issue went into default, and Northstar paid First National $9,365.61 (the principal and outstanding interest) for the loans. Northstar was unable to collect the loan amount from the Defendant, and, thus, on March 6, 1997, Northstar assigned its rights in the debt to the DOE.

NOV 13 2001
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD NOV 13 2001
DEPUTY CLERK

Defendant has not made any payments to the DOE. Accordingly, Defendant owes the DOE $9,365.61 in principal; $4,712.08 for prejudgment interest to October 16, 2000; additional prejudgment interest from October 16, 2000, through today at a rate of ten percent per annum (or $2.57 per day); post-judgment interest at the legal rate; and court costs of $150, pursuant to 28 U.S.C. § 2412.

**Discussion**

**1. Summary Judgment Standard of Review**

Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The court must view the evidence and the inferences which may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *Enterprise Bank v. Magna Bank of Missouri*, 92 F.3d 743, 747 (8th Cir. 1996). However, as the Supreme Court has stated, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy, and inexpensive determination of every action.'" Fed. R. Civ. P. 1. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Enterprise Bank*, 92 F.3d at 747. The nonmoving party must demonstrate the existence of specific facts in the record which create a genuine issue for trial. *Krenik v. County of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995). A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials, but must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Krenik*, 47 F.3d at 957.

**2. Summary Judgment is Appropriate**

In his Answer, Defendant admits that he signed the promissory notes for the loans in question and that he has not made payments on the loans. Defendant asserts, as a defense, that he should not be required to pay interest on the loans because he is incarcerated. Defendant has not identified any basis, in either the contracts or the law, for the requested deferral of interest. Thus the Court finds that Defendant is not entitled to any such deferral and is, instead, responsible for the full amount of the loans and any accrued interest. Plaintiff is entitled to summary judgment as requested.

The docket for this proceeding contains a notice from the Defendant that he is filing a Chapter 7 bankruptcy petition. Such a petition, when filed, would stay the proceedings in this action. 11 U.S.C. § 362(a). However, the Court has checked with the Bankruptcy Court in both St. Paul and Minneapolis, Minnesota, and has verified that, as of the date of this order, Defendant has not filed a petition for bankruptcy with the Bankruptcy Court. Thus, there is presently no stay in effect, and there is no reason for the Court to delay granting summary judgment. The Court's order does not contemplate what effect, if any, a perfected petition for bankruptcy will have upon the entry of judgment or the accrual of post-judgment interest.

For the reasons stated, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment (Doc. No. 5) is **GRANTED**.

2. Judgment is entered for Plaintiff and against Defendant in the amount of $9,365.61 in principal; $4,712.08 for prejudgment interest to October 16, 2000; additional prejudgment interest from October 16, 2000, through today at a rate of ten percent per annum (or $2.57 per day); post-judgment interest at the legal rate; and court costs of $150, pursuant to 28 U.S.C. § 2412.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: November 13, 2001

DONOVAN W. FRANK
Judge of United States District Court

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995